## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CINCINNATI SPECIALTY UNDERWRITERS     )
INSURANCE COMPANY                     )
P.O. Box 145496                       )
Cincinnati, Ohio 45250-5496           )
                                      )
     Plaintiff,                        )
                                      )
v.                                    )    Civil Action No.: _____
                                      )
CODE 3 SECURITY & PROTECTION          )
SERVICES, INC.                        )
3273 Pine Orchard Lane, Suite D       )
Ellicott City, Maryland 21042         )
                                      )
    Serve:  VAHID MEMIC, Registered Agent )
          635 Edgewood Street, NE       )
          Washington, DC  20018         )
                                      )
CHARLES ROBERTS                       )
1200 North Capitol Street NW, Apt A104 )
Washington, DC 20002                  )
                                      )
    Serve:  1200 North Capitol Street NW  )
          Apt A104                      )
          Washington, DC 20002          )
                                      )
ISIAH REEVES                          )
3721 Fidelis Court                    )
Triangle, VA 22172                    )
                                      )
    Serve:  3721 Fidelis Court            )
          Triangle, VA 22172            )
                                      )
LINCOLN-WESTMORELAND HOUSING INC.     )
1730 7th Street, NW                   )
Washington, D.C. 20001                )
                                      )
    Serve:  David Jacobs, Registered Agent )
          1730 7th Street NW            )
          Washington, DC  20001         )
                                      )

CHARLES TINI & ASSOCIATES, LLC )
900 Montgomery Street )
Laurel, Maryland 20707 )
)
      Serve:  C T Corporation System, )
              Registered Agent )
              1015 15th Street NW, Ste 1000 )
              Washington, DC  20005 )
)
TANYA UPSHUR )
3311 Rhode Island Avenue, Apt. 308 )
Mt. Rainier, Maryland 20712 )
)
      Serve:  3311 Rhode Island Ave., Apt. 308 )
              Mt. Rainier, Maryland 20712 )
)
      Defendants. )

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Cincinnati Specialty Underwriters Insurance Company ("Cincinnati"), by counsel, hereby files this Complaint seeking a declaration of rights and obligations, and states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 1332.

2.      Venue is proper pursuant to 28 U.S.C. § 1391.

3.      The amount in controversy exceeds $75,000.

4.      Pursuant to 28 U.S.C. § 2201, Cincinnati seeks a declaration of the parties' rights and obligations under the liability insurance contracts at issue in this proceeding.

## PARTIES

5.      Plaintiff Cincinnati is an insurance company incorporated under the laws of Ohio and has its principal place of business in Ohio.

2

6.      Defendant Code 3 Security & Protection Services, Inc. ("Code 3") is incorporated under the laws of Maryland and has its principal place of business in Maryland.

7.      Defendant Charles Roberts ("Roberts") is a citizen of the District of Columbia.

8.      Defendant Isiah Reeves ("Reeves"), upon information and belief, is a citizen of the Commonwealth of Virginia.

9.      Defendant Lincoln-Westmoreland Housing Inc. ("LWH") is incorporated under the laws of the District of Columbia and has its principle place of business in the District of Columbia.

10.     Defendant Charles Tini & Associates, LLC ("CTA"), upon information and belief, is a Maryland limited liability company, whose members are residents of the State of Maryland.

11.     Defendant Tanya Upshur ("Upshur") is a resident of the State of Maryland.

## FACTS

12.     This declaratory judgment action arises from a tort lawsuit filed by Upshur against Code 3, Roberts, Reeves, LWH and CTA, which is captioned *Upshur v. Code 3 Security & Protection Service, Inc., et al.*, Civil Action No. 2016 CA 004770 B, and which is pending in the Superior Court for the District of Columbia (the "Underlying Lawsuit").  A true and correct copy of the Complaint filed in the Underlying Lawsuit is attached hereto as Exhibit 1.

13.     In the Underlying Lawsuit, which speaks for itself, Upshur seeks damages arising from an alleged physical confrontation between Upshur, Roberts and Reeves at the Lincoln-Westmoreland Apartments (the "Property") located in the District of Columbia.  Specifically, Upshur alleges that, on February 11, 2014, Upshur went to the Property to visit her mother, who was a resident, and that Upshur was denied entry by Roberts and Reeves, who were employed by Code 3 as special police officers.  Upshur alleges that during the encounter, Roberts "shoved Ms.

Upshur face first into the corner near the exit door frame, . . . [and] then threw Ms. Upshur to the ground and proceeded to straddle her and repeatedly punch her." Ex. 1, Complaint, ¶¶15-31. Upshur also alleges that Roberts, with assistance of Reeves, placed Upshur in handcuffs, and further that Upshur was incarcerated overnight and charged with assault of a police officer, disorderly conduct and unlawful entry, based upon an alleged false allegation by Roberts that Upshur had resisted arrest and struck him. *Id.*, ¶¶ 32-37.

14.     In the Underlying Lawsuit, Upshur asserts causes of action against Roberts and Reeves for 1983 False Arrest/False Imprisonment; 1983 Excessive Force Assault and Battery; and Negligence. Ex. 1, ¶¶ 41-49. Upshur asserts causes of action against Code 3 for Negligent Hiring and Negligent Training and Supervision. *Id.*, ¶¶ 50-61. Upshur asserts a cause of action against LWH and CTA for Negligent Retention, Training and Supervision. *Id.*, ¶¶ 62-70.

15.     Upshur seeks the recovery of compensatory and punitive damages from Roberts and Reeves for alleged violations of her constitutional rights; compensatory damages against the Code 3, Roberts, Reeves, LWH and CTA jointly and severally; punitive and exemplary damages from Code 3; and attorney's fees from Roberts and Reeves. Ex. 1 at 12, Requested Relief.

16.     At the time of the February 11, 2014 confrontation, CTA provided property management services for LWH at the Property.

17.     Prior to the February 11, 2014 confrontation, Code 3 entered into a Security Services Agreement with LWH to provide security-related services at the Property.

18.     Cincinnati issued insurance policy number CSU0046569 to Code 3 for the period from May 18, 2013 through May 18, 2014 (the "Primary Policy"). A true and correct copy of the Primary Policy is attached hereto as Exhibit 2.

19.    The Primary Policy affords each occurrence limits of $1 million and aggregate limits of $2 million.    The Primary Policy also contains a Deductible Liability Insurance endorsement, which establishes a $5,000 per claim deductible for "bodily injury" or "property damage" claims.    The Primary Policy uses basic form CG 00 01 12 07, which provides, in pertinent part, as follows:

### SECTION 1 – COVERAGES

### COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.  Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

*    *    *

    b.  This insurance applies to "bodily injury" and "property damage" only if:

        (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)  The "bodily injury" or "property damage" occurs during the policy period ... .

*    *    *

**2.    Exclusions**

This insurance does not apply to:

5

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*   \*   \*

## COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY

### 1. Insuring Agreement

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

\*   \*   \*

**b.** This insurance applies to "personal and advertising injury" only if:

**(1)** The "personal and advertising injury" is caused by an offense arising out of your business;

\*   \*   \*

### 2. Exclusions

This insurance does not apply to:

**a. Knowing Violation of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

\*    \*    \*

**e. Contractual Liability**

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

\*    \*    \*

**2. Duties In The Event Of Occurrence, Offense, Claim or Suit**

a. You must see to it that we are notified as soon as practicable of an "occurrence" or offense which may result in a "claim". To the extent possible, notice should include:

    (1) How, when and where the "occurrence" or offense took place;

    (2) The names and addresses of any injured persons and witnesses; and

    (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:

    (1) Immediately record the specifics of the claim or "suit" and the date received, and

    (2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

7

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;" . . .

\* \* \*

## SECTION V – DEFINITIONS

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right to private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement"; or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

Ex. 2, Policy Form CG 00 01 12 07.

20.     The Primary Policy contains the following Additional Insured – Owners, Lessees

or Contractors – Automatic Status When Required in Construction Agreement With You

Operations and Completed Operations endorsement, which provides, in pertinent part, as follows:

    A. **Section II – Who is an Insured** is amended to include as an additional insured any person or organization when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy, but only with respect to "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

        1. Your acts or omissions in the performance of your ongoing operations for the additional insured;

        2. The acts or omissions of those acting on your behalf in the performance of your ongoing operations for the additional insured; or

        3. "Your work" performed for the additional insured and included in the "products-completed operations hazard.

        If not specified otherwise in the written contract or agreement, a person's or organization's status as an additional insured under this endorsement ends one year after your operations for that additional insured are completed. The written contract or agreement must be currently in effect or become effective during the term of this Coverage Part. The contract or agreement must be executed prior to the "bodily injury", "property damage" or "personal and advertising injury" to which this endorsement pertains.

    B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

    This insurance does not apply to:

*   *   *

        4. "Bodily injury", "property damage" or "personal and advertising injury" for which the Named Insured is afforded no coverage under this policy of insurance.

9

**C.** With respect to the insurance afforded to these additional insureds, **SECTION III – LIMITS OF INSURANCE** is amended to include:

The limits applicable to the additional insured are those specified in the written contract or agreement or in the Declarations of this Coverage Part, whichever is less. If no limits are specified in the written contract or agreement, the limits applicable to the additional insured are those specified in the Declarations of this Coverage Part. The limits of insurance are inclusive of and not in addition to the limits of insurance shown in the Declarations.

**D.** With respect to the insurance afforded to these additional insureds, **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS, 4. Other Insuran**ce is amended to include:

Any coverage provided herein will be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis unless you have agreed in a written contract or written agreement executed prior to any loss that this insurance will be primary. This insurance will be noncontributory only if you have so agreed in a written contract or written agreement executed prior to any loss and this coverage is determined to be primary.

Policy Form CSGA 437 11 08.

21.    The Primary Policy also contains an Exclusion – Assault Or Battery endorsement

(the "Assault or Battery Endorsement"), which provides, in pertinent part, as follows:

**A.**   The following exclusion is added to Paragraph **2. Exclusions** of **Section 1 – Coverage A – Bodily Injury and Property Damage Liability,** and Paragraph **2., Exclusions** of **Section I – Coverage B – Personal and Advertising Injury Liability**:

a.    This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**(1)** An actual or threatened assault or battery whether caused by or at the instigation or direction of any insured, their employees, patrons or any other person;

10

**(2)** The failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery; or

**(3)** The negligent:

  **(a)** Employment;

  **(b)** Investigation or reporting or failure to report any assault or battery to proper authorities;

  **(c)** Supervision;

  **(d)** Training;

  **(e)** Retention

Of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraph **a.** above.

*   *   *

**C.** Exclusion **2.a.** of the Commercial General Liability Coverage Form is deleted in its entirety and replaced with the following:

  **2.a.    Expected or Intended Injury**

   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

Policy Form CSGA 301 01 08.

22.    The Primary Policy also contains a Changes To Commercial General Liability Coverage Form endorsement (the "Punitive Damages Endorsement"), which provides, in pertinent part, as follows:

<strong>EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES</strong>

**A.** The following exclusion is added to Paragraph **2. Exclusions** of **Section 1 – Coverage A – Bodily Injury and Property Damage Liability,** and Paragraph **2., Exclusions** of **Section I – Coverage B – Personal and Advertising Injury Liability**:

11

### 2. Exclusions

This insurance does not apply to:

Any claim of indemnification for punitive or exemplary damages. If a suit is brought against any insured for a claim covered by this Coverage Part, seeking both compensatory and punitive or exemplary damages, we will provide a defense to such action. However, we will not have an obligation to pay for any costs, interest or damages, attributable to punitive or exemplary damages. If state law provides for statutory multiple damage awards, we will pay only the amount of the award before the multiplier is added.

Ex. 2, Policy Form CSGA 401 07 10 at 3 of 3.

23.     By endorsement, the Primary Policy also contains a Security Agency Errors Or Omissions policy form, which provides, in pertinent part, as follows:

**A.** The following is added to **Section I – Coverages:**

### 1. Insuring Agreement

We will pay those sums that the insured becomes legally obligated to pay as damages caused by an "error or omission" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any "error or omission" and settle any claim or "suit" that may result. But:

\*     \*     \*

b. This insurance applies to injury only if:

(1) The damages are caused by an "error or omission" that takes place in the "coverage territory";

(2) The "error or omission" occurs during the policy period . . ..

\*     \*     \*

12

**2. Exclusions**

This insurance does not apply to:

**a. Excluded Under Coverage A, Coverage B or Coverage C**

Any damages excluded under Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability,** Paragraph **2. Exclusions** of **Coverage B – Personal and Advertising Injury** or Paragraph **2. Exclusions** of **Coverage C Medical Payments**, including all exclusions added to these Sections by Endorsement.

\* \* \*

**f. Contractual Liability**

Liability assumed by an insured under any contract or agreement.  This exclusion does not apply to liability that an insured would have in the absence of the contract or agreement.

\* \* \*

**k. Violation of Rights**

Any liability or damages arising out of any alleged or actual violation of a person's civil or constitutional rights.

\* \* \*

**D.** For purposes of this endorsement, the following are added to **Section V – Definitions:**

**1.** "Error or omission":

**a.** Means a negligent act, error or omission in rendering or failing to render security or patrol agency services by the insured or someone for whom the insured is legally liable; and

  **b.** Shall include all related "error or omissions" arising out of the rendering or failing to render any security or patrol agency services for any one person or organization as one "error or omission", regardless of the time frame over which such "error or omissions" occur.

Ex. 2, Policy Form CSIA405 (08/09)-A.

24. Cincinnati also issued Excess Policy number CSU0046573 to Code 3 for the period from May 18, 2013 through May 18, 2014 (the "Excess Policy"). A true and correct copy of the Excess Policy is attached hereto as Exhibit 3.

25. The Excess Policy affords limits of $4 million each occurrence and in the aggregate. The Excess Policy uses basic form CSCX 100 02 13, which provides, in pertinent part, as follows:

  The insurance provided under this Coverage Part will follow the same provisions, exclusions and limitations that are contained in the applicable "controlling underlying insurance" unless otherwise directed by this insurance.

     \*  \*  \*

  **SECTION I – COVERAGE**

  **1. Insuring Agreement**

   **a.** We will pay on behalf of the insured, except as stated in this Coverage Part, those sums in excess of the "retained limit" any insured becomes legally obligated to pay as damages to which this insurance provided under this Coverage Part applies.

     \*  \*  \*

   **c.** This insurance applies to damages that are subject to an applicable "retained limit". If any other limit, such as a sublimit, is specified in "controlling underlying insurance", this insurance does not apply to damages arising out of that exposure unless the limit is specified in the Declarations under the Schedule of "controlling underlying insurance".

14

\*   \*   \*

## 2.  Exclusions

The following exclusions, and any other exclusions added by endorsement, apply to this Coverage Part.  The exclusions applicable to any "controlling underlying insurance" apply to this insurance unless superseded by the following exclusions, or superseded by any other exclusions added by endorsement to this Coverage Part.

\*   \*   \*

### f.  Fines, Penalties, Punitive, Exemplary, Multiplied or Uninsurable Damages

\*   \*   \*

**(2)** Punitive or Exemplary damages;

\*   \*   \*

## SECTION III – CONDITIONS

\*   \*   \*

## 3.  Duties In The Event Of Occurrence, Offense, Claim or Suit

a.  You must see to it that we are notified as soon as practicable of an "occurrence" or offense which may result in a "claim". To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.  If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received, and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.   You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit; . . .

\*   \*   \*

**SECTION IV – DEFINITIONS**

\*   \*   \*

**1.** "Controlling underlying insurance" means any policy of insurance or self-insurance listed as such in our Schedule of Controlling Underlying Insurance.

\*   \*   \*

**4.** "Loss" means the total sum, after reduction for recoveries, or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of:

**a.** Settlements, judgments, binding arbitration; or

**b.** Other binding alternative dispute resolution proceedings entered into with our consent. . . .

**5.** "Retained limit" means the available limits of "controlling underlying insurance" applicable to the claim.

Policy Form CSCX 100 02 13.

26.    The Schedule of Controlling Underlying Insurance set forth in the Excess Policy identifies the Primary Policy.  Policy Form CSCX 400 06 09.

27.    By endorsement, the Excess Policy contains the following Cross Suits Exclusion:

16

   **A.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverages:**

Insurance provided by this Coverage Part does not apply to:

   **1.** Any claim or suit brought by any insured against any other insured.

Policy Form CSCX 327 06 09.

28.    By endorsement, the Excess Policy contains the following Contractual Liability Exclusion:

   **A.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverages:**

Insurance provided by this Coverage Part does not apply to:

   1. Any liability for which any insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages that the insured would have in the absence of an agreement.

Policy Form CSCX 327 06 09.

29.    By letters dated August 30, 2016, Cincinnati agreed to assume the defense of Code 3, Roberts and Reeves in the Underlying Lawsuit pursuant to a full and complete reservation of rights under the Primary Policy.

30.    By letter dated August 30, 2016, Cincinnati declined coverage for LWH and CTA as an additional insured under the Policies in connection with this matter.

## CLAIM FOR DECLARATORY RELIEF

31.    Cincinnati realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 30 above.

32.     Cincinnati owes no duty to defend or indemnify Code 3, Roberts, Reeves, LWH and CTA under the Primary and Excess Policies (collectively, the "Policies") for the claims and allegations asserted in the Underlying Lawsuit.

33.     The terms and provisions of the Assault or Battery Endorsement set forth in the Primary Policy exclude coverage for the claims and allegations asserted in the Underlying Lawsuit.

34.     The terms and provisions of the Assault or Battery Endorsement set forth in the Primary Policy are incorporated into the Security Agency Errors or Omissions endorsement of the Primary Policy such that the claims and allegations asserted in the Underlying Lawsuit are excluded from coverage under the Security Agency Errors or Omissions endorsement.

35.     The terms and provisions of the Assault or Battery Endorsement set forth in the Primary Policy are incorporated into the Excess Policy such that the claims and allegations asserted in the Underlying Lawsuit are excluded from coverage under the Excess Policy.

36.     The terms and provisions of the Punitive Damages Endorsement set forth in the Primary Policy bar coverage for any punitive damages that may be awarded against Code 3, Roberts or Reeves.

37.     The terms and provisions of the Punitive Damages exclusion set forth in the Excess Policy bar coverage for any punitive damages that may be awarded against Code 3, Roberts or Reeves.

38.     Coverage is barred under the Primary and Excess Policies for Code 3, Roberts, Reeves, LWH and/or CTA for additional reasons, including the applicability of the "expected or intended" exclusion set forth in the Policies, the "knowing violation of rights of another" exclusion set forth in the Policies, the "violation of rights" exclusion set forth in the Policies; the

contractual liability exclusion set forth in the Policies, and/or the cross-suits exclusion set forth in the Excess Policy.

39.     An actual controversy exists as to the existence and scope of liability insurance coverage afforded under the Policies for the claims and allegations asserted against Code 3, Roberts, Reeves, LWH and CTA in the Underlying Lawsuit.

40.     Cincinnati is entitled to a declaration that coverage is barred under the Policies for the claims and allegations asserted against Code 3, Roberts, Reeves, LWH and CTA in the Underlying Lawsuit.

WHEREFORE, Plaintiff Cincinnati Specialty Underwriters Insurance Company, respectfully prays for the following relief:

a.     That this Court declare that Cincinnati Specialty Underwriters Insurance Company owes no duty to defend Code 3, Roberts, Reeves, LWH and CTA under the Policies in connection with the Underlying Lawsuit.

b.     That this Court declare that Cincinnati Specialty Underwriters Insurance Company owes no duty to indemnify Code 3, Roberts, Reeves, LWH and CTA under the Policies in connection with the Underlying Lawsuit.

c.     That this Court declare that Cincinnati Specialty Underwriters Insurance Company owes no duty to indemnify Code 3, Roberts and Reeves under the Policies for any award of punitive damages in connection with the Underlying Lawsuit.

d.     That this Court grant such other relief as may be warranted, just, necessary and proper under the circumstances.

Dated:  July 10, 2017

Respectfully submitted,

Thomas S. Garrett
D.C. Bar No. 462930
Attorney for The Cincinnati Specialty Underwriters
Insurance Company
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
tgarrett@hccw.com